SARAH KATZ, BY JOSEPH KATZ, AS NEXT FRIEND OF SARAH KATZ, AND JOSEPH KATZ, PLAINTIFFS-RESPONDENTS, v. NEWARK NEWSDEALERS SUPPLY COMPANY, A CORPORATION, AND WILLIAM A. THOMPSON, DEFENDANTS-APPELLANTS.

Argued October 6, 1937—Decided February 14, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the plaintiffs-respondents, *Harry Levin*.

For the defendants-appellants, *Lindabury, Depue & Faulks* (*Walter F. Waldau,* of counsel).

PER CURIAM.

This is an appeal from judgments recovered in suits against defendants, Newark Newsdealers Supply Company and William A. Thompson, for personal injuries suffered by Sarah Katz, an infant, who sued by her next friend, and a judgment in favor of her father *per quod*. Only the Newark Newsdealers Supply Company appeals. Its employe, Thompson, the actual *tort feasor,* does not.

The appellant urges that the court fell into reversible error by denying its motion for nonsuit and its further motion at the end of the case for a directed verdict.

The facts show that the infant plaintiff was in fact injured by the appellant's truck which, at the time of the happening, on Decoration Day, 1935, was actually being driven by Thompson. In its answer, the company said that Thompson was not its driver, had never been authorized to drive, and the evidence indicated, without contradiction, that Thompson was hired under the general classification of clerk, but that actually his duty was to tie up bundles of newspapers which were delivered by a regular driver on a regular route to which he was assigned. On the day of the accident in question he was not helping out on his regular duty but was employed by one Hirshberg, a driver, on what is called the "bulldog route," as an aid to him personally, and for which Hirshberg paid Thompson personally. More in detail, the testimony indicates that on the day in question the defendant Thompson had been to a baseball game and then going to the garage where the defendant kept its trucks and, finding that the driver whom he was to assist, namely, Hirshberg, was a little late, he drove the truck out of the garage and was proceeding to his own home for the purpose, as he says, of changing into his working clothes, at which time the accident happened.

We have carefully reviewed the testimony in this case and are unable to discover any evidence that would contradict or in fact fail to harmonize with the testimony of Thompson, Hirshberg, the driver, and Weiss, the manager of the Newark Newsdealers Supply Company, which was all to the effect that Thompson was neither employed to drive, nor permitted to drive, by the defendant corporation at any time. As a matter of fact, it seems to be indisputably clear, since there is no testimony to the contrary, that at the time of the happening he was under no duty whatever to his employer, the Newark Newsdealers Supply Company, but rather had hired out in order that he might be of assistance to Hirshberg, who personally paid him for this service.

We think that this case under consideration is quite like those cases of which *Okin* v. *Essex Sales Co.,* 103 *N. J. L.* 217; *affirmed,* 104 *Id.* 181, and *Tischler* v. *Steinhollz,* 99 *Id.* 149, are typical, and that the rule in those cases govern the case under review.

It was error to have denied motion advanced by the defendant Newark Newsdealers Supply Company for a directed verdict.

The plaintiffs' judgment will be reversed, and a *venire de novo* allowed.